IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-104 |
| vs. | |
| JUAN ANTONIO RIVERA-RAMIREZ, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised/modified presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence investigation report. Filing 48.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no motions that require resolution at sentencing. The defendant objects to the presentence investigation report, arguing that the enhancement to his base offense under U.S.S.G. § 2B1.1(b)(11)(A)(ii) does not apply. That provision provides a two-level enhancement in the offense level (or an increase to 12 if the result is less than 12) if the offense involved the "possession or use" of an "authentication feature" of an identification document. The presentence report recommends enhancing the offense level under § 2B1.1(b)(11)(A)(ii) because the defendant, in seeking employment, used a Social Security card and driver's license that were not issued to him. The presentence report also notes that the defendant was in possession of several blank I-94 forms, foreign passports, and Social Security cards at the time of his arrest.

In *United States v. Rodriguez-Cisneros*, 916 F. Supp. 2d 932, 933-36 (D. Neb. 2013), this Court found that a Social Security number, standing alone, is not an "authentication feature" within the meaning of the relevant statutory and Guidelines provisions. In reaching this decision, the Court reasoned that a series of numbers, while included in the definition of "authentication feature," is not "used by the issuing authority . . . to determine if the document is counterfeit, altered, or otherwise falsified[.]" *Id.* at 934. However, the Court acknowledged that some Social Security cards contain advanced features that may bring the offense within the purview of § 2B1.1(b)(11)(A)(ii). *Id.* at 934 n.2.

Whether the documents at issue in this case contain such features is a factual matter that the government must prove by a preponderance of the evidence. *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). Because the defendant's objection pertains to factual allegations on which the government has the burden of proof, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear,* 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve the defendant's objections based upon the evidence presented at sentencing.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 15th day of September, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge